**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**Frank FU JEN HUANG, Defendant—**
**Appellee.**

No. 05–50455.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided May 17, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Becky S. Walker, Esq., Elena J. Duarte, USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellant.

Charles Theodore Mathews, Esq., Pasadena, CA, for Defendant–Appellee.

Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.

### MEMORANDUM *

The United States appeals the sentence of Frank Fu Jen Huang following his guilty plea to seven counts of conspiracy, trafficking in counterfeit goods, and manu-facturing and selling counterfeit goods. The Presentence Report recommended a Guidelines sentencing offense level of 28 which provides a sentencing range of 78–97 months of imprisonment. The district court sentenced Huang to six months home confinement, five years of probation, and 2,500 hours of community service, and imposed a special assessment of $700.

We have jurisdiction over this appeal under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291. We review the district court's interpretation of the Guidelines de novo, its application of the Guidelines to the facts of the case for an abuse of discretion, and its factual findings for clear error. *See United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005).

### Guidelines Calculation Error

Post-*Booker* district courts have the discretion to sentence individuals outside the sentencing ranges established in the Federal Sentencing Guidelines, but they still must take the applicable Guidelines range into consideration during sentencing. *United States v. Booker,* 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."). We have held that, "at a minimum," the Guidelines consultation requirement "obliges the district court" to correctly calculate the sentencing range prescribed by the Guidelines. *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006); *see also United States v. Menyweather,* 431 F.3d 692, 696 (9th Cir. 2005) ("Several of our sister circuits have held that, to comply with *Booker's* mandate ... courts normally must determine and consider the Guidelines range."). The Guidelines consultation requirement has

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

not been satisfied if the district court errs in "determining the Guidelines range, or in understanding the authority to depart from that range." *Menyweather*, 431 F.3d at 696.

Although the district court stated that it considered the Guidelines in sentencing Huang, it did not calculate a Guidelines-range sentence. The district court's failure to calculate the Guidelines-range sentence and failure to provide a clear statement of reasons for imposing the sentence it chose was legal error. *See Menyweather*, 431 F.3d at 701 (in pre-*Booker* sentencing, the district court had to explain its reasons for imposing a non-Guideline sentence. It still must do so.); *see also United States v. Zavala*, 443 F.3d 1165 (9th Cir.2006) (Guideline calculation must be made, but it is the starting point, and court must then determine proper sentence.)[1]

**Selective Prosecution**

Huang claimed in his briefing, and the district court agreed at sentencing, that he may have been the target of a selective prosecution. ("The government has made a recommendation for probation for the codefendant who at least based upon the evidence that has been presented to me is equally culpable of the offenses here.... What you did with this case I think indicates what the suggestion was by counsel for the defendant. There may be a little bit of prejudice here involved I think.").

Although the district court stated that at least one of Huang's co-conspirators was "equally culpable of the offenses here," the record reveals that their involvement in the counterfeiting scheme was far less extensive than Huang's. Although there is little doubt that Srulevitch benefitted from his cooperation with prosecutors, the record also indicates that his involvement in the crime, while substantial, was less extensive than that of Huang. In reversing Huang's sentence and remanding this case to the district court, we note that the district court may develop a record to support its previous conclusions or otherwise adjust Huang's sentence in compliance with *Booker*.

Finally, as a separate matter, we note the behavior of Huang's counsel, Attorney Charles T. Mathews (California SB # 55889). The record reflects that Mathews failed to appear for Huang's district court trial. When he did appear on the third day scheduled for trial, he was unprepared to proceed. After Huang appealed his conviction and sentence, this Court contacted Mathews and informed him that Huang's case would be argued on the morning of April 5, 2006. Mathews failed to appear.

Although Mathew's conduct may require severe sanctions, we leave it to the district court to determine what sanctions may be imposed or what disciplinary recommendations should be made to the California Bar Association after a hearing concerning his misconduct.

---

1. The Ninth Circuit has left open the possibility that in some limited circumstances it may not be necessary for the district court to calculate the applicable Guidelines range. *See Cantrell*, 433 F.3d at 1280 n. 3 (citing *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005) *abrogated on other grounds by United States v. Lake*, 419 F.3d 111, 113 (2d Cir. 2005)). This limited exception does not apply in this case.